Good afternoon. May it please the court, my name is Carl Post and I represent appellant Andrew Abraham. I'd like to give you two minutes for my rebuttal. Oregon's public accommodation law exempts local correction facilities from liability for failure to accommodate people with disabilities. We're here on a matter of first impression to decide whether private contractors are exempt from liability for violations of Oregon's public accommodations law. Because this is an important issue of first impression, one which there's no obviously no precedent from the Oregon courts and the importance of the issue plaintiffs motion to certify the question to the Oregon Supreme Court should be granted. If the court decides to answer the question itself then the court should determine this exemption does not extend to private contractors such as Corizon and plaintiffs should be allowed to amend his complaint and pursue his claim against Corizon. The court has discretion to certify the question of the Oregon Supreme Court and in turn the Oregon Supreme Court also has discretion whether to grant that or accept a certification. There's no dispute by the parties that the five conditions of or the criteria to certify the question it outlined in Western Helicopter are all met in this case and therefore because they're met it really is a question that should be certified to the Oregon Supreme Court. Again there's no precedent it's an important legal significance and has dispositive effect on this case. The legal other entities that provide services to inmates. Counsel, can I ask, as I understand the statute if the jail had provided you know if the people at the jail providing these services were employees of the jail you you would not be able to bring this action because they'd be covered by the local correctional facility exemption in the statute. So why why is it a sensible result that you know the same people doing the same thing but instead of being jail employees they're employees of a contractor then you do have an action. Why does that distinction make sense? Well you know helpful guidance on that would be to look at the liable under say title one of the ADA or title three of the ADA such as like a state park or a federal park or something like that if there's a private contractor there providing services they're not they are liable under the law because they're not the public body just like here this isn't correct this so Horizon doesn't get to put itself into Clackamas County's shoes and become a local correctional facility. In fact Horizon even argued for the purpose of Abraham's title two claim that it does not become the public body merely by contracting with the local correctional facility and so that's judicial estoppel on that case and so you can't argue that for the under title two oh we're we're not the public body so we're not liable but then under a different statute be like wait we actually are the public body services that they would be shielded from therefore you shield us also and so I think that's the you know the distinction is the Oregon legislature didn't choose to extend this to private entities just like if an inmate goes to Providence to receive health care the inmate or Providence would not be shielded from this exemption in there. Right but doesn't isn't that the the statute says a place of public accommodation does not include and then it says a local correction facility and here are the medical services are being offered at that facility. Well it's Oregon's public accommodation statute you know part of the problem is that they call it a place of public accommodation but it's not just about where the services it's not just about a place it's also about services and again the issue here is a it's a private contract is providing services the local correctional facility is not providing these services so if Horizon was across the street from the jail it doesn't make sense that there they would be subject to the law but if they're providing these services within the jail they're shielded from nothing in the statute. I'm not sure I follow that though I mean doesn't it seem that that there is a difference that once you cross the walls of the jail that that does not seem like a like a place of public accommodation and the statute makes that clear and so when you're on the other side of the and there is a medical facility that is not within the jail if the situation could be different that's that distinction seems like a pretty reasonable one. Oh the statute does not say that private entities providing services at a local correctional facility are exempt from the statute only Clackamas County Jail is exempt and again that's focusing on the place if you're going to apply it to Horizon I disagree that that is what the legislature intended it's certainly not written in the statute anywhere and there's no discussion in the legislative history that they intended private entities to be shielded from liability under this statute. I guess what's bothering me though is you have this exception for a local correction facility we know that is not a place of public accommodation and then you have up above under 1a what a public accommodation is it's something that opted a place or service offering to the public some accommodations it just doesn't feel that natural to say that a medical facility within a prison is offering a service to the public in a technical sense perhaps but in an in a more regular language usage way it doesn't really seem that it works and then when you combine that with the exception for a local correction facility you seem to be put those two together you have a hard argument. Well if if the local correctional facility without this exemption wasn't considered a place it wouldn't have been considered a place of public accommodation and there would have been no reason to insert the exemption within it so so certainly services provided there could be considered a public accommodation and again these are health care services there's nothing technically that those are services that have to be provided by in fact they are not provided by the again you should be focusing the focus should be on the service here Yale service it's a service it's a health care service provided just like if it's Providence or if it's Verizon in a different building the building that the services are provided in should not be the issue that controls whether or not Verizon is subject to this law. In 2013 the law was amended to broaden it and encompass as many entities and services as possible and this court shouldn't craft an exemption that the Oregon legislature chose not to include in there. It would have been really easy to include a statement that it exempts local correction meaning private entities contracting on its behalf. Counselor, you're down to about a minute. Ms. Kobach. Thank you and may it please the court and counsel my name is Sarah Kobach appearing on behalf of the respondent Verizon Health. The district court was correct the plaintiff cannot state a viable claim for relief under the Oregon Public Accommodation Act and that is true for two separate reasons. First Verizon is not an entity that falls within the definition of a place of public accommodation under the Act and second plaintiff does not fall within the class of persons who are protected under the Act. Both of those issues are straightforward issues of statutory interpretation and although the Oregon courts have not addressed this exact fact pattern they have defined what the statutory requirements are to be a place of public accommodation to be a person who is covered under the Act and plaintiff cannot satisfy either of those requirements. So first I'll start on the issue of whether or not Verizon qualifies as an entity who is covered under the Act. The statute prescribes a two-step inquiry to determine whether an entity is covered under the Act. The first step looks at whether the entity is a place or service that is offered to the public or is open to the public and then the second step is whether any of the statutory. And here as a provider of medical services exclusively to inmates at the jail Verizon is excluded from the definition under both steps of the statute. So looking at the first part the meaning of a place of public accommodation the key statutory term there under all of the definitions of a place of public accommodation is that it is a service that is offering to the public or that is open to the public some service or goods or place for the public to go. And the Oregon courts have interpreted the term offering to the public and they have interpreted it consistently with the plain meaning of the text accessible to the community at large or offered to the general public. Counsel if that were if that were the end of it then I mean as your your friend made the point that the exemptions for state correctional institutions and local corrections facilities seem like they would be pointless because you know jails are never open to the public in that sense and yet the exemption suggests that maybe open to the public has a broader meaning that might otherwise cover them that yes your honor so the legislative history shed some light on that question is why these statutory exclusions were added and what the history reflects is that there was concern that a place like a jail or another facility of involuntary detention could be considered a place of public accommodation for some purposes for example public visitation or public tours and law enforcement provided testimony that there was they had concerns about whether there'd be a risk that the statute would be interpreted in a way that would make them a place of public accommodation in some respects at least and what the legislature did in response to that was adopt broad categorical exclusions that apply to all definitions of place of public accommodation that categorically exclude these places for all purposes from the definition of place of public accommodation and and and these are not exclusions that are limited or defined by who is providing the service the debt the exclusions apply to all parts of subsection a I'm sorry section 1 of the statute they broadly and categorically exclude these from places of public accommodation and and for that reason both because horizon services are not offered to the public and because they are subject to that exclusion they are not a place of public accommodation what do you what do you make of your friends argument that it's an important issue and maybe you have the better of the argument but maybe the Oregon Supreme Court should be the one to make that decision what's your response to that I think the response to that is that this the Oregon Supreme Court in the Western helicopter decision outlined the factors that that this court should consider and that it considers in terms of certification to the state and what the Oregon Supreme Court said is the most important factor is whether there's already controlling Oregon precedent on the questions and it doesn't matter if that Oregon the controlling precedent is from the intermediate court the Oregon Court of Appeals or from the Oregon Supreme Court if there is controlling Oregon precedent that is that's what governs and it is not a pretty do you think there is that kind of precedent yes I do there the Oregon there the Oregon courts have not confronted this precise fact pattern but they certainly have addressed what is the meaning of offering to the public and they've also addressed what are the classes of existing oral Oregon precedent that is well established standing for the first point that offered to the public and that has been decided in a recent case on in terms of the class of people who are covered under the act so although the Oregon courts have not applied this test in this precise context they certainly have issued decisions on the meaning of the the key statutory terms that are an issue in this case you know and another point I would just make on that is that these really are straightforward issues of statutory interpretation the Oregon law has a very well established methodology for statutory interpretation Oregon courts interpret statutes the text of the statute the context in the legislative history they interpret the text of the statute according to the plain terms of the statute as the Oregon Court of Answering brief the Phenomore case and defining the meaning of patron or customer under the act and then the Parsons and Graham cases which are the leading Oregon cases on the meaning of offered to the public can I ask you to address Phenomore cuz I I'm not sure it really helps you I mean I grant that in the in the ordinary language sense a person would not ordinarily describe a but Fenimore I mean you also wouldn't normally describe somebody who wants to go to a meeting as a customer of an electric utility but they seem to adopt a pretty broad reading that it's anybody trying to use the services provided by the defendant and that's what what the plaintiff was doing here so why isn't he a customer under that definition yeah so so the Phenomore case actually adopted quite a narrow definition of patron or customer the plaintiff in that case was a person who was trying to attend a public meeting as a guest at the electrical cooperative and the court determined it did not decide whether the electric cooperative qualified as a place of public accommodation it did not reach that question instead it rejects plaintiff's claim on the ground that the plaintiff was not just by trying to go to a meeting at the electric cooperative that they did not qualify as a customer or patron and for that reason it rejected the plaintiff's claims and it adopted a very narrow definition of those terms it said that those terms should be adopted according to their ordinary meeting and it specifically compared the Oregon Public Accommodation Act with the title 3 of the ADA and noted that it adopted uses different terms and it has much narrower coverage the title 3 of the ADA applies much more broadly to any person or individual whereas the Oregon Public Accommodation this particular subsection only protects a customer or patron does public accommodation really is a much narrower and much different statute than the ADA it applies only to places that are offered to the public or services that are offered to the public it's categorically excludes jails and correctional facilities and it also the other statutory exclusion that I just want to know briefly is that it also includes distinctly private services and that also is a categorical statutory exclusion that applies here horizon services here are provided under the terms of a private contract with Clackamas County it only serves the people that law enforcement has have detained at the jail and who have been referred to Verizon for the services so again these are not services that are offered to the public that are open to the public they are offered in a location that is categorically excluded from coverage and the statute itself is limited to protecting only customers and so for those reasons we would submit that there is Oregon law that governs the meanings of the key statutory terms that issue in this case and for that reason we would ask the court to affirm Thank You counsel post you have a minute making left if you are just to touch briefly they mentioned the plaintext and that is the first step in Oregon statutory interpretation and the plaintext here again it only includes local correctional facilities and it doesn't include private entities providing services there and you know their whole argument is based on stuff other than the plaintext and you know just applying that definition alone mr. and then this should win I guess regarding the Fenimore case there the plaintiff was ineligible because she admitted that she couldn't receive the services of the defendant here inmates are members of the public there's no case that says inmates aren't holding that inmates aren't members of the public would mean inmates going to any receiving services from any entity would no longer be protected by this and again the legislature did not exclude them and defendant doesn't have to provide services to every conceivable member of the public even in Fenimore only people that lived within a certain geographical area were entitled to those services but they were still subject to the law thank you thank you both counsel for their helpful arguments and the case is submitted
judges: Bastian, Miller, Bress